# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK T. CROOM,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-3844** |
| | : | |
| **BLANCHE CARNEY,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 11th day of October, 2023, upon consideration of Plaintiff Derek T. Croom's <u>pro se</u> Fourth Amended Complaint ("FAC") (ECF No. 15), his Motion for Leave to Proceed <u>In Forma Pauperis</u> (ECF No. 11), his Prisoner Trust Fund Account Statement (ECF No. 12), his Motion to Appoint Counsel (ECF No. 16), and his requests for entry of default (ECF Nos. 14, 17), it is **ORDERED** that:

1.      The motion to proceed <u>in forma pauperis</u> (ECF No. 11) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Derek T. Croom, # 617429, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Croom's inmate account; or (b) the average monthly balance in Croom's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Croom's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the

Clerk of Court equaling 20% of the preceding month's income credited to Croom's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.  The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Detention Center.

4.  The Fourth Amended Complaint is **DEEMED** filed.

5.  The Clerk of Court is **DIRECTED** to amend the caption in the case to reflect that the Defendants are Blanche Carney and the City of Philadelphia and to **TERMINATE** all other Defendants listed on the docket.

6.  The Clerk of Court is **DIRECTED** to correct Croom's address on the docket to reflect that he currently incarcerated at the Detention Center located at 8201 State Road, Philadelphia, Pennsylvania 19136.

7.  Croom's Fourth Amended Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's accompanying Memorandum as follows:

a.  Croom's claims brought pursuant to 42 U.S.C. § 1983 regarding COVID-19 are **DISMISSED WITH PREJUDICE**.

b.  Croom's claims brought pursuant to 42 U.S.C. § 1983 regarding his conditions of confinement at the Detention Center are **DISMISSED WITHOUT PREJUDICE**.

8.  Croom may file a fifth amended complaint within thirty (30) days of the date of this Order. Croom's fifth amended complaint must identify all defendants in the caption in addition to identifying them in the body of the fifth amended complaint and shall state the basis for Croom's claims against each defendant. The fifth amended complaint shall be a complete document that

does not rely on the initial Complaint, previous amended complaints, or other papers filed in this case to state a claim. When drafting his fifth amended complaint, Croom should be mindful of the Court's reasons for dismissing the claims in his FAC as explained in the Court's Memorandum. Upon the filing of a fifth amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.       The Clerk of Court is **DIRECTED** to send Croom a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Croom may use this form to file his fifth amended complaint if he chooses to do so.

10.      If Croom does not wish to further amend his FAC and instead intends to stand on his FAC as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Fourth Amended Complaint," and shall include the civil action number for this case. See Weber v. McGrogan, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); In re Westinghouse Sec. Litig., 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11.      If Croom fails to file any response to this Order, the Court will conclude that

Croom intends to stand on his FAC and will issue a final order dismissing this case. <u>See</u> <u>Weber</u>, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

12.     Croom's requests seeking the entry of default are **DENIED AS MOOT**.

13.     Croom's Motion for Appointment of Counsel (ECF No. 16) is **DENIED**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**